UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUSSELL BOUDRIE and BERTRAM KEMPRATH,
on behalf of themselves and a similarly situated class,

        Plaintiffs,

v.

TENNECO AUTOMOTIVE OPERATING COMPANY,
INC.,

        Defendant.

Hon. Paul D. Borman
Case No. 2:05CV74097

---

ROGER J. McCLOW (P27170)
KLIMIST, McKNIGHT, SALE,
McCLOW & CANZANO, P.C.
Attorneys for Plaintiffs Boudrie, et al.
400 Galleria Officentre, Suite 117
Southfield, MI 48034
(248) 354-9650

CARLA J. ROZYCKI
JENNER & BLOCK, LLP
Attorneys for Defendant
330 N. Wabash Avenue, 40th Floor
Chicago, IL 60611
(312) 222-9350

THOMAS G. KIENBAUM (P15945)
WILLIAM B. FORREST III (P60311)
KIENBAUM OPPERWALL
HARDY & PELTON, P.L.C.
Attorneys for Defendant
280 North Old Woodward Ave.
Suite 400
Birmingham, Michigan 48009
(248) 645-0000

---

**ORDER OF PRELIMINARY APPROVAL
OF SETTLEMENT AGREEMENT**

## ORDER OF PRELIMINARY APPROVAL
## OF SETTLEMENT AGREEMENT

The parties entered into a proposed Settlement Agreement on December 12, 2006 and requested the Court to give its preliminary approval to that Settlement Agreement and approve the form and method of providing notice of the proposed settlement to the Class described in the Settlement Agreement.

The Court has reviewed the Settlement Agreement and the referenced Exhibits, including the proposed forms of Class Notice, and finds and concludes as follows:

1.  Plaintiffs filed a motion for class certification on December 24, 2006 seeking certification of the Class under F. R. Civ. Pro. 23(b)(1) and (2).

2.  Defendants do not object to conditional certification of the Class as described in the Settlement Agreement for purposes of the settlement of this litigation only, subject to final certification in the Final Judgment.

3.  The Court has reviewed the pleadings, and Plaintiffs' motion for class certification, and preliminarily finds on a conditional basis for purposes of sending notice to the Class of the proposed Class Settlement Agreement, and subject to final determination and approval, that all of the requirements of Rule 23(a) are sufficiently met with respect to the Class sought to be certified. In particular, the Court conditionally finds that:

    a.  A Class of about 129 Class Members (consisting of 77 living Retirees, 27 living Surviving Spouses and 25 deceased Retirees) living in several different states is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Class under the Labor Management Relations Act and the Employee Retirement Income Security Act; the claims of the named Plaintiffs for restoration of health care benefits and damages resulting from the modification by Defendant of its health care benefit plan on

September 1, 2003, and January 1, 2004, are typical of the claims of the Class; and, based on the Settlement Agreement achieved, the Class Representatives have and will fairly and adequately represent the interests of the Class.

    b. The Court conditionally finds that Class certification is appropriate for certification under both Rule 23(b)(1) and (2). In particular, the prosecution of separate actions by individual members of the Class would create a risk of various adjudications which would establish incompatible standards of conduct for the Defendant; adjudications with respect to an individual member of the Class would as a practical matter be dispositive of the interests of other members not party to the action or would substantially impede or impair their ability to protect their interests; and Defendant has acted on grounds that are generally applicable to all members of the Class when it modified their health care benefits on September 1, 2003, and January 1, 2004, thereby making injunctive or declaratory relief appropriate for the Class as a whole.

    c. Roger J. McClow and the firm of Klimist, McKnight, Sale, McClow & Canzano, P.C. are appointed as Class Counsel under Rule 23(g). The Court finds that counsel have substantial experience in handling class actions involving claims of the type asserted here; that counsel have a broad knowledge of the applicable law; that counsel have adequately identified and investigated the potential claims in this action; and that counsel have committed and will continue to commit adequate resources to representing the Class.

    d. This order is conditioned on the final findings and certification to be made in the Final Judgment.

    4. The Court has considered the history of this case, the pleadings and the statements by the parties. On a preliminary basis, the Court finds that the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Class. The Court will therefore direct that

notice of the Settlement Agreement be provided to the Class pursuant to Fed. R. Civ. Pro. 23(e)(B).

5. The Court has reviewed the attached forms of the Notice of Preliminary Approval of Settlement Agreement and Hearing to be Held to Approve the Proposed Settlement and the cover letter from Class Counsel to be sent with the Notice, and finds that they comply with the requirements of Fed. R. Civ. Pro. 23(d) and (e) and fairly present the terms of the Settlement Agreement and the Class Members' rights and responsibilities in the settlement approval process.

6. The parties propose that Class Counsel send the Notice to all identified Class Members by first class mail. The Court finds that such notice is the best notice practicable under the circumstances, and is reasonably calculated to effectuate actual notice of the settlement to the Class.

7. The parties have compiled the names and addresses of all known members of the Class. The individual mailing of the Notice to those Class Members identified by the parties provides due and sufficient notice of the proceedings, of the proposed settlement, and of the settlement approval procedure, thus satisfying the requirements of Fed. R. Civ. Pro. 23 and the requirements of due process.

8. Based upon the foregoing findings of fact and conclusions of law:

**IT IS HEREBY ORDERED** that, for purposes of settlement of the litigation under the terms of the Settlement Agreement, the following Class is conditionally certified as:

Retirees and Surviving Spouses living on or after September 1, 2003.

For purposes of the definition of the Class:

(a) "Retiree" means an individual who was employed at Tenneco's Monroe, Michigan facility and was represented by the UAW at the time of his or her retirement,

and who retired with normal, early or disability retirement benefits from Tenneco, before September 14, 2003.

(b) "Surviving Spouse" means a spouse of a Retiree who has died, including spouses who were Eligible Dependents as of the Effective Date who subsequently become a Surviving Spouse on the death of a Retiree, PROVIDED, HOWEVER, Surviving Spouse status is limited to persons who were the spouse of a Retiree both on the date of retirement of the Retiree and the date of death of the Retiree.

(c) "Eligible Dependents" are defined in Exhibit D to the Settlement Agreement, PROVIDED, HOWEVER: (i) Eligible Dependents are limited to dependent spouses and dependent children who are Eligible Dependents on August 1, 2006; (ii) dependent children cease to be Eligible Dependents upon the death of the Retiree and/or Surviving Spouse upon whom they were dependent; (iii) Eligible Dependents are not Class Members; and (iv) any rights of Eligible Dependents under the Settlement Agreement and Plan are derivative of the rights of the Retiree or Surviving Spouse upon whom they are dependent.

**IT IS FURTHER ORDERED** that the Settlement Agreement is preliminarily approved.

**IT IS FURTHER ORDERED** that all proceedings not related to the approval and implementation of the Settlement Agreement are stayed until further Order of the Court.

**IT IS FURTHER ORDERED** that the Notice of Preliminary Approval of Settlement Agreement and Hearing to be Held to Approve the Proposed Settlement and the cover letter from Class Counsel to accompany the Notice are approved by this Court and that the Notice and letter, together with a copy of the Settlement Agreement and any appropriate Exhibits, be mailed to each identified Class Member at his or her current last known address by Class Counsel on or before 2-14, 2007.

**IT IS FURTHER ORDERED** that Class Counsel will file an Affidavit of Mailing with this Court and serve copies of that Affidavit on all counsel prior to the date set for hearing on the Settlement Agreement.

**IT IS FURTHER ORDERED** that on April 26, 2007, at the hour of 3:00 p.m..M., in Room 740, Theodore Levin United States Courthouse, 231 West Lafayette Blvd.,

5

Detroit, Michigan 48226, the Court will conduct a hearing to finally determine the fairness, reasonableness and adequacy of the terms and conditions of the settlement set forth in the Settlement Agreement and Exhibits thereto.

**IT IS FURTHER ORDERED** that any Class Member may appear personally or by counsel at the hearing and may object or express his or her view regarding the Settlement Agreement and present evidence, briefs, or other papers in support thereof. However, a Class Member will not be heard, nor be entitled to contest the approval by this Court of the Settlement Agreement, unless on or before the date set forth in the Mailing Notice, he or she files with the Clerk of this Court written objections, together with all papers to be submitted to this Court at the Settlement Hearing, and on or before that date serves all such objections and other papers on each of the following: (a) Class Counsel Roger J. McClow, Klimist, McKnight, Sale, McClow & Canzano, P.C., 400 Galleria Officentre, Suite 117, Southfield, MI 48034; (b) Tenneco's Counsel Carla J. Rozycki of Jenner & Block, LLP, 330 N. Wabash Avenue, 40th Floor, Chicago, IL 60611. Any Class Member who does not file and serve his or her objections in this manner will be deemed to have waived his or her objections and will be forever precluded from making any objections to the fairness or adequacy of the proposed Settlement Agreement. Objections should bear the following heading: *Boudrie, et al. v. Tenneco Automotive Operating Company*, Case No. 2:05CV74097, Objections to Proposed Settlement Agreement.

**IT IS FURTHER ORDERED** that the hearing may be continued or adjourned by order of this Court, from time to time, and without further notice to the Class, except any Class Member who has timely filed an objection.

Dated: 1-31 2007

Hon. Paul D. Borman
United States District Judge

1439855