CLOSED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUSSELL BOUDRIE and BERTRAM KEMPRATH,
on behalf of themselves and a similarly situated class,

        Plaintiffs,

v.

TENNECO AUTOMOTIVE OPERATING COMPANY,
INC.,

        Defendant.

Hon. Paul D. Borman
Case No. 2:05CV74097

---

ROGER J. McCLOW (P27170)
KLIMIST, McKNIGHT, SALE,
McCLOW & CANZANO, P.C.
Attorneys for Plaintiffs Boudrie, et al.
400 Galleria Officentre, Suite 117
Southfield, MI 48034
(248) 354-9650

CARLA J. ROZYCKI
JENNER & BLOCK, LLP
Attorneys for Defendant
330 N. Wabash Avenue, 40th Floor
Chicago, IL 60611
(312) 222-9350

THOMAS G. KIENBAUM (P15945)
WILLIAM B. FORREST III (P60311)
KIENBAUM OPPERWALL
HARDY & PELTON, P.L.C.
Attorneys for Defendant
280 North Old Woodward Ave.
Suite 400
Birmingham, Michigan 48009
(248) 645-0000

---

**FINAL JUDGMENT AND ORDER OF DISMISSAL**

This matter comes before the Court for final approval of the Settlement Agreement dated December 12, 2006. The Notice of Hearing to approve the proposed Settlement was issued on February 5, 2007. The Court held a hearing on April 26, 2007 for the purpose of determining whether the terms of the Settlement Agreement are fair, reasonable, and in the best interests of the Class. The Court having considered the Settlement Agreement and its Exhibits, all papers filed and proceedings had herein and otherwise being fully advised of the premises, and good cause appearing therefore, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. This Court has jurisdiction over the subject matter of this litigation and over all parties to this litigation, including all members of the Class (as defined in paragraph 3).

2. The Court finds that all of the requirements of Rule 23(a) are met with respect to the Class sought to be certified. In particular, the Court finds that

   a. A Class of about 129 Class Members (consisting of 77 living Retirees, 27 living Surviving Spouses and 25 deceased Retirees) living in several different states is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Class under the Labor Management Relations Act and the Employee Retirement Income Security Act; the claims of the named Plaintiffs for restoration of health care benefits and damages resulting from the modification by Defendant of its health care benefit plan on September 1, 2003, and January 1, 2004, are typical of the claims of the Class; and, based on the Settlement Agreement achieved, the Class Representatives have and will fairly and adequately represent the interests of the Class.

   b. The Court finds that Class certification is appropriate for certification under both Rule 23(b)(1) and (2). In particular, the prosecution of separate actions by individual

members of the Class would create a risk of various adjudications which would establish incompatible standards of conduct for the Defendant; adjudications with respect to an individual member of the Class would as a practical matter be dispositive of the interests of other members not party to the action or would substantially impede or impair their ability to protect their interests; and Defendant has acted on grounds that are generally applicable to all members of the Class when it modified their health care benefits on September 1, 2003, and January 1, 2004, thereby making injunctive or declaratory relief appropriate for the Class as a whole.

  c. Roger J. McClow and the firm of Klimist, McKnight, Sale, McClow & Canzano, P.C. are appointed as Class Counsel under Rule 23(g). The Court finds that counsel have substantial experience in handling class actions involving claims of the type asserted here; that counsel have a broad knowledge of the applicable law; that counsel have adequately identified and investigated the potential claims in this action; and that counsel have committed and will continue to commit adequate resources to representing the Class.

  3. This Court certifies the Class for this Final Judgment as:

  Retirees and Surviving Spouses living on or after September 1, 2003.

For purposes of the definition of the Class:

  (a) "Retiree" means an individual who was employed at Tenneco's Monroe, Michigan facility and was represented by the UAW at the time of his or her retirement, and who retired with normal, early or disability retirement benefits from Tenneco, before September 14, 2003.

  (b) "Surviving Spouse" means a spouse of a Retiree who has died, including spouses who were Eligible Dependents as of the Effective Date who subsequently become a Surviving Spouse on the death of a Retiree, PROVIDED, HOWEVER, Surviving Spouse status is limited to persons who were the spouse of a Retiree both on the date of retirement of the Retiree and the date of death of the Retiree.

  (c) "Eligible Dependents" are defined in Exhibit D to the Settlement Agreement, PROVIDED, HOWEVER: (i) Eligible Dependents are limited to dependent spouses and dependent children who are Eligible Dependents on August 1, 2006;

3

(ii) dependent children cease to be Eligible Dependents upon the death of the Retiree and/or Surviving Spouse upon whom they were dependent; (iii) Eligible Dependents are not Class Members; and (iv) any rights of Eligible Dependents under the Settlement Agreement and Plan are derivative of the rights of the Retiree or Surviving Spouse upon whom they are dependent.

4.  This Court approves the terms of the settlement set forth in the Settlement Agreement and finds that the settlement is, in all respects, fair, reasonable, and in the best interests of the Class.

5.  Tenneco shall comply with the terms of the Settlement Agreement.

6.  This Court hereby dismisses, with prejudice to the Class, each and every claim for Health Care Benefits (as that term is defined in the Settlement Agreement) not arising out of the Settlement Agreement.

7.  All Class Members and anyone claiming on behalf of or through a Class Member (including but not limited to any Eligible Dependents of a Class Member) are forever barred and enjoined from instituting or prosecuting, either directly or indirectly, all Released Claims (as that term is defined in the Settlement Agreement) against the Tenneco Parties (as that term is defined in the Settlement Agreement).

8.  The Tenneco Parties (as that term is defined in the Settlement Agreement) are released and discharged from any and all Released Claims (as that term is defined in the Settlement Agreement) that any Class Member or anyone claiming on behalf of or through a Class Member (including but not limited to any Eligible Dependents of a Class Member) has or may have against the Tenneco Parties (as that term is defined in the Settlement Agreement), which do not arise out of the Settlement Agreement.

9.  Neither the entry into the Settlement Agreement nor the consent to this Final Judgment is or may be construed as an admission by or against the Tenneco Parties (as that term

is defined by the Settlement Agreement) of any wrongdoing or liability. The Settlement Agreement, this Final Judgment and any documents related to any of the foregoing shall not be introduced in evidence in any proceeding against the Tenneco Parties (as that term is defined in the Settlement Agreement) in any court or agency or other tribunal for any purpose except to enforce the terms of the Settlement Agreement or this Final Judgment.

10. Within 30 days following the Effective Date (as that term is defined in the Settlement Agreement), Tenneco will mail to all eligible Class Members, or their legal representatives, if known, Verifications substantially in the form of Exhibit N to the Settlement Agreement.

11. The notice given to the Class of the Settlement Agreement and the other matters set forth therein was the best notice practicable under the circumstances, including the individual notice to members of the Class who could be identified through reasonable effort. This notice provided due and adequate notice of these proceedings and of the matters set forth herein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and the notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.

12. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over the parties hereto for the purposes of enforcing and administering the Settlement Agreement.

Dated: April 26, 2007

Hon. Paul D. Borman
United States District Judge

1439755